**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| AUTOFLEX LEASING-DALLAS I, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AUTOFLEXX AUTOMOTIVE, LLC, <br><br> Defendant. | Civil Action No. _____ |

## PLAINTIFF AUTOFLEX LEASING-DALLAS I, LLC'S COMPLAINT AND REQUEST FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff Autoflex Leasing-Dallas I, LLC ("Plaintiff" or "Autoflex") files this its Complaint and Request for Injunctive Relief against Autoflexx Automotive, LLC ("Defendant") and alleges as follows:

### PARTIES

1. Plaintiff Autoflex Leasing-Dallas I, LLC is a domestic limited liability company organized under the laws of Texas with its principal place of business in Dallas County, Texas. Plaintiff's principal address is 558 S. Central Expressway, Richardson, Texas 75080.

2. Defendant Autoflexx Automotive, LLC is a domestic limited liability company organized under the laws of the state of Texas. The principal address of Autoflexx Automotive, LLC ("Autoflexx Automotive") is 9900 Spectrum Drive, Austin, Texas 78717. The sole-managing member of Autoflexx Automotive is Sergio Lopez, a Texas domiciliary who resides at 5804 Star Lane, Houston, Texas 77057.

3. Autoflexx Automotive may be served with this lawsuit by serving its registered agent for service, United States Corporation Agents, Inc. located at 9900 Spectrum Drive, Austin, Texas 78717.

## JURISDICTION

1. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

2. This lawsuit arises under the trademark laws of the United States, specifically 17 U.S.C. §§ 1051, et seq. and 28 U.S.C. §§ 2201, et seq. and the DECLARATORY JUDGMENT ACT.

3. This Court has exclusive subject matter jurisdiction over this case for trademark infringement under 28 U.S.C. §§ 1331, 1338(a).

4. This Court also has jurisdiction over the claims in this Complaint under the LANHAM ACT, 15 U.S.C. § 1367.

5. Plaintiff also brings claims under Texas law for unfair competition and false advertising pursuant to this Court's ancillary and supplemental jurisdiction under 28 U.S.C. § 1367.

6. This Court maintains personal jurisdiction over Defendant Autoflexx Automotive, LLC ("Autoflexx Automotive"). Autoflexx Automotive is a domestic liability company whose sole member is Sergio Lopez, a Texas domiciliary who resides at 5804 Star Lane, Houston, Texas 77057.

## VENUE

7. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

8. Venue is proper in the Northern District of Texas under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

9. Specifically, venue is proper in the Northern District of Texas, because a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. Further, venue is proper in this District, because Defendant has committed acts of infringement in this District, entitling Plaintiff to relief.

11. Defendant has also engaged in false advertising and unfair competition in Texas and in this District.

## FACTUAL BACKGROUND

12. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

13. Plaintiff Autoflex was founded in 1982 and has become a nationwide leader in the consumer and commercial auto-leasing and lending industry, including the sale of pre-owned vehicles. Plaintiff Autoflex has commercially operated under the name Autoflex since 1984.

14. Plaintiff has established and maintained a well-recognized brand name and valuable goodwill since its founding in 1982.

15. Plaintiff's name and brand, Autoflex, has continually remained widely known within the auto-industry in Texas and across the United States, including its consumers and other market participants.

16. Plaintiff Autoflex is the registered owner of the protected service mark "Autoflex," identified as United States Service Mark Number 1,880,091 ("Autoflex Service Mark").[1] The Autoflex Service Mark was registered by the United States Patent and Trademark Office on February 21, 1995.[2]

17. Plaintiff Autoflex has been recognized since 1984 as a leading auto-leasing company.

18. Specifically, Plaintiff Autoflex has been recognized as "Best in Business" by the Small Business Commerce Association, a national body that recognizes the top five percent of private businesses throughout the United States.

19. Plaintiff Autoflex was rated "excellent" each year from 2009 through 2013 by Top Ten Reviews, a national and independent body that reviews and rates the products and services of firms across the United States.

20. Plaintiff Autoflex received the Consumers' Choice Award for the quality of its products and services each year from 2008 through the present year.

21. Plaintiff Autoflex has owned and maintained the website www.autoflex.com since 1995, and has continually facilitated consumer and commercial auto-lease transactions both in Texas and across the United States without interruption.

---

[1] Attached as *Exhibit A* is a true and correct copy of United States Service Mark No. 1,880,091.

[2] *Ibid.*

## DEFENDANT AUTOFLEXX AUTOMOTIVE

22. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

23. Defendant Autoflexx Automotive is a Texas company formed on April 25, 2016.

24. Upon information and belief, Autoflexx Automotive advertises and sells pre-owned vehicles in Texas.

25. Autoflexx Automotive prominently advertises its vehicles on the internet and other social media platforms.[3]

26. On or about August 1, 2016, counsel for Plaintiff served Defendant Autoflexx Automotive with a cease and desist demand ("Cease and Desist Demand" or "Demand").

27. The Demand provided Defendant with a copy of the Autoflex Service Mark and advised Defendant that it was infringing upon the Autoflex Service Mark by using the Autoflex name without consent or other authorization from the Plaintiff.

28. The Demand instructed Defendant to immediately halt its use of the Autoflex name and to take any and all commercially reasonable means to remedy its infringement.

29. Defendant has failed to respond to the Demand in any fashion or to undertake any remedial action to reduce or eliminate its infringement of the Autoflex Service Mark.

---

[3] Attached as *Exhibit B* are screenshots that depict Defendant's online advertising under the name "Autoflexx."

## COUNT I — INFRINGEMENT OF UNITED STATES SERVICE MARK NO. 1,880,091

30. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

31. Plaintiff alleges that Defendant has infringed directly and indirectly (by inducement and/or contributory infringement) and continue to infringe directly and indirectly United States Service Mark Number 1,880,091 ("Autoflex Service Mark") in this District or otherwise within the United States by utilizing the Autoflex Service Mark without the permission and against the consent of Plaintiff Autoflex.

32. Plaintiff alleges that at least as of the filing of this complaint, Defendant directly infringes upon the Autoflex Service Mark because the Defendant has induced, caused, urged, encouraged, aided, and abetted their direct or indirect customers and others to utilize their website that infringes upon the protected service mark rights of Plaintiff.

33. Such conduct by the Defendant is intended to and actually resulted in direct infringement of the Autoflex Service Mark.

34. Defendant does not have a license or other authorization to use or otherwise utilize the Autoflex Service Mark in their commercial activities.

35. As a direct and proximate consequence of the acts of infringement by the Defendant, knowingly and directly, Plaintiff Autoflex is being damaged and injured, and, unless such acts and practices are enjoined by the Court, will continue to suffer injury and damages to its business and property rights.

36. In addition, the infringing acts and practices of Defendant has caused, is causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

37. Additionally, the injury and damage to Plaintiff Autoflex outweighs any hypothetical damage that an injunction may cause Defendant and the public interest favors the issuance of an injunction in this case.

38. Plaintiff Autoflex intends to seek discovery on the issue of willfulness and reserves the right to seek a willfulness finding relative to pre-suit infringement and/or post-suit infringement of the Autoflex Service Mark.

## COUNT II — VIOLATION OF SECTION 43 OF THE LANHAM ACT
### (15 U.S.C. § 1125)
### UNFAIR COMPETITION: FALSE ADVERTISING

39. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

40. Additionally, Plaintiff Autoflex brings claims and causes of action against Defendant for unfair competition, false designations and false advertising under the LANHAM ACT including 15 U.S.C. § 1125 (Section 43 of the LANHAM ACT).

41. In connection with goods or services, Defendant has used and continues to use in commerce words, terms, names, symbols or devices, and/or combinations thereof, and false and misleading descriptions of fact and/or false or misleading representations of fact, which are likely to cause confusion, or to cause mistake, or to deceive as to the approval of their goods, services or commercial activities by another person; and/or in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of their or another's goods, services or commercial activities.

42. On direct knowledge and clear information, Defendant has used and continues to use the Autoflex Service Mark in its promotional material and commercial conduct without permission or proper authorization.

43. Defendant Autoflexx Automotive, by and through its promotional material and other marketing efforts, directly infringes upon the Autoflex Service Mark by using the Autoflex Service Mark without Plaintiff's consent or authorization.

44. Defendant Autoflexx Automotive, by and through the maintenance and profitable operation of its online promotional material, including its Instagram account depicted in *Exhibit B*, constitutes false and misleading representations.

45. Specifically, the knowing and unauthorized use of the Autoflex Service Mark by Defendant (1) has carried and continues to carry the capacity to deceive a substantial segment of potential consumers; and (2) constitutes material and commercial representations that are likely to influence the consumer's purchasing decision.

46. Additionally, but not by way of limitation, on information and belief, Defendant's representations have deceived and continue to in fact deceive a substantial segment of potential customers, and are material, in that they are likely to influence consumers' purchasing decisions.

47. On information and belief, Defendant's infringing activities persist in interstate commerce.

48. Plaintiff Autoflex has been or is likely to be injured and damaged as a result of the statements at issue. Defendant's false or misleading claims usurp a competitive advantage, specifically the well recognized name and goodwill of Plaintiff Autoflex, that should legitimately be held by Plaintiff.

49. Defendant's false and misleading statements constitute a false advertising violation of the LANHAM ACT including 15 U.S.C. § 1125 (Section 43 of the LANHAM ACT).

50. There is substantial likelihood that Plaintiff Autoflex will prevail on its claims against Defendant, Defendant's false and misleading representations have injured and will continue to cause immediate and irreparable injury and damage to Plaintiff Autoflex (including to its business reputation and goodwill), and Plaintiff has no adequate remedy at law for these injuries. Such immediate and irreparable damage will continue unless and until Defendant is enjoined by this Court.

51. The injury and damage to Plaintiff outweighs any hypothetical damage that an injunction may cause Defendant.

52. The public interest favors the issuance of an injunction in this case. Accordingly, Plaintiff Autoflex is entitled to an injunction under 15 U.S.C. § 1116, prohibiting Defendant from further actions in violation of the LANHAM ACT.

53. Plaintiff is entitled to recover from Defendant: (1) any gains, profits and advantages obtained by Defendant as a result of Defendant's acts alleged herein, (2) any actual and statutory damages that Plaintiff has sustained and will sustain, including treble damages, together with prejudgment and post-judgment interest, and (3) the costs of the action pursuant to applicable law including 15 U.S.C. § 1117.

COUNT III — VIOLATION OF TEXAS LAW
UNFAIR COMPETITION AND FALSE ADVERTISING

54. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as though fully set forth herein in their entirety.

55. The conduct of Defendant as described herein violates Texas's unfair competition law. Defendant's conduct is illegal and/or tortious and has interfered and continues to interfere with Plaintiff's ability to conduct its business.

56. Defendant has engaged in business conduct which is contrary to honest practices in industrial or commercial matters. Defendant violated Texas law by engaging in the aforesaid conduct including but not limited to sending literally false as well as misleading advertisements within this state with the purposeful intent of gaining Texas customers through such wrongful conduct.

57. Defendant's wrongful conduct in competition with Plaintiff wrongfully provides Defendant a special and unfair advantage in competition. On information and belief, Defendant has committed one or more of the foregoing wrongful acts and practices in Texas through Defendant's employees and/or agents.

58. Plaintiff has sustained damages and continues to sustain damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

59. In accordance with FEDERAL RULE OF CIVIL PROCEDURE 38(b), Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Autoflex prays for the following judgment and relief:

(i) A judgment that Defendant has infringed, directly and indirectly, upon the Autoflex Service Mark rightfully owned by Plaintiff Autoflex;

(ii) A judgment and order preliminarily and permanently enjoining Defendant, its employees and agents, and any other person(s) in active concert or participation with them from infringing, directly or indirectly, United States Service Mark No. 1,880,091;

(iii) A judgment and order requiring Defendant to pay Plaintiff's damages, including enhanced damages under 35 U.S.C. § 284 and supplemental damages for any

          continuing post-verdict infringement up until entry of final judgment with an accounting as needed together with prejudgment and post-judgment interest;

(iv)    A judgment and order preliminarily and permanently enjoining Defendant, its employees and agents, and any other person(s) in active concert or participation with them from further actions in violation of the Lanham Act, pursuant to 15 U.S.C. § 1116, including but not limited to: (1) prohibiting Defendant from, directly or indirectly, using any false or misleading description, statement and/or representation of fact in connection with Defendants' products or services; and (2) requiring Defendant to undertake corrective advertising to remedy their false and misleading advertising;

(v)    A judgment and order requiring Defendant to pay (1) Plaintiff's damages, including any gains, profits, advantages obtained by Defendant as a result of its acts and omissions; (2) any actual and statutory damages that Plaintiff sustained as a result of Defendant's acts, including treble damages, together with prejudgment and post-judgment interest, and (3) the costs of the action pursuant to applicable law including 15 U.S.C. § 1117;

(vi)    A determination that this is an "exceptional case" pursuant to applicable law including without limitation 35 U.S.C. § 285 and 15 U.S.C. § 1117;

(vii)    Pre-judgment and post-judgment interest to the extent allowed by law;

(viii)    An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(ix)    Any and all further relief, in law or in equity, that this Honorable Court deems appropriate on behalf of Plaintiff.

Dated:      September 9, 2016

Respectfully submitted,

**COOPER & SCULLY, PC**

By:     */s/ Benton Williams, II*
**BENTON WILLIAMS, II**
Texas Bar No. 24070854
benton.williams@cooperscully.com

Founders Square
900 Jackson Street
Suite 100
Dallas, Texas 75202
Telephone:  (214) 712-9500
Direct: (214) 712-9544
Facsimile:  (214) 712-9540

*COUNSEL FOR PLAINTIFF*
*AUTOFLEX LEASING-DALLAS I, LLC*

D/952024v1